**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF GEORGIA, *ex rel.* BROOK GONITE,<br><br>          Plaintiff,<br><br> v.<br><br>UNITEDHEALTHCARE OF GEORGIA, INC., UNITEDHEALTH GROUP, INC., UNITED HEALTHCARE SERVICES, INC., UNITEDHEALTHCARE, INC., OPTUM, INC., and OPTUM SERVICES, INC.,<br><br>          Defendants. | Case No. 5:19-CV-246-MTT |

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

The terms of the Stipulated Protective Order, as modified by the Court below, are incorporated as the Order of this Court. To the extent the Stipulated Order conflicts with the Scheduling Order, the Court's Scheduling Order controls, and the parties shall comply with its directive for discovery disputes.

THE COURT ALERTS THE PARTIES THAT IT HAS ADDED A FINAL ADDENDUM TO THIS PROTECTIVE ORDER THAT WAS NOT INCLUDED IN THE STIPULATED ORDER SUBMITTED TO THE COURT.

The Court **VACATES** the August 14, 2025 Order[1] and hereby **ORDERS** that:

Plaintiff-Relator Brook Gonite and Defendants UnitedHealthcare of Georgia, Inc., United HealthCare Services, Inc., UnitedHealthcare, Inc., Optum, Inc., and Optum Services, Inc. (each a "Party" and collectively the "Parties"), by their undersigned Counsel, stipulate pursuant to

---

[1] The August 14, 2025 Order (Doc. 101) was modified to reflect additional language in the Court's final addendum.

Federal Rules of Civil Procedure 26 and 34 that the following procedures govern the disclosure and use of confidential discovery information in the above-captioned case (the "Action"), subject to approval and entry by the Court, as follows:

1.      **Scope of Protection and Statement of Good Cause.**

This Protective Order (the "Order") will govern all information produced or disclosed in this Action and designated pursuant to this Order, including all designated deposition testimony; all designated testimony taken at a hearing, trial, or other proceeding; all designated deposition exhibits, interrogatory answers, admissions, documents; and other designated discovery materials, however produced. This Order shall apply to the Parties and to any nonparty from whom discovery may be sought who desires the protection of this Order.

The Parties may produce certain Confidential and Highly Confidential – Attorneys' Eyes Only Information, as defined below, for use in the Action subject to the terms of this Order. This Order will not be deemed a waiver of any Party's right to object to any discovery requests on any grounds.

Under 45 C.F.R. § 164.512 and this Order, the Parties are authorized to receive, subpoena, transmit, or disclose Protected Health Information ("PHI"), as defined below, as necessary to litigate this Action, subject to the terms of this Order.

Good cause exists for this Order to protect the disclosure and use of confidential discovery information in the Action, which will necessarily involve nonparties' PHI protected by the Health Insurance Portability and Accountability Act ("HIPAA"). This matter may also involve the disclosure of competitive financial and business information.

2.      **Definitions.**

**Action or Action:** The term "Action" means *United States ex rel. Gonite v. UnitedHealthcare of Georgia, Inc., et al.*, Case No. 5:19-cv-246-MTT, presently pending in the Middle District of Georgia.

**Party:** The term "Party" means any party named in this Action.

**Non-Party:** The term "Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party in this Action.

**Confidential Information:** The term "Confidential Information" means confidential or proprietary financial, business, health, or medical information, including commercially sensitive or proprietary information, employee records and personnel files, and protected health information, including medical record information deemed private under state and federal laws, as applicable, including but not limited to under HIPAA.

**Protected Health Information ("PHI"):** The term Protected Health Information constitutes a subset of Confidential Information and will be designated as "CONFIDENTIAL – CONTAINS PHI" and subject to all other terms and conditions governing the treatment of Confidential Information. PHI means information that identifies an individual in any manner and relates to the past, present, or future care, services, or supplies relating to the physical or mental health or condition of such individual, the provision of health care to such individual, or the past, present, or future payment for the provision of health care to such individual. PHI includes, but is not limited to, enrollment applications, claims data, claim forms, grievances, appeals, or other documents or records that contain any patient health information required to be kept confidential under any state or federal law, including 45 C.F.R. Parts 160 and 164 promulgated pursuant to HIPAA (see 45 C.F.R. §§ 164.501 & 160.103), and the following subscriber, patient, or member identifiers:

     a.   names;

     b.   all geographic subdivisions smaller than a State, including street address, city, county, precinct, and zip code;

     c.   all elements of dates (except year) for dates directly related to an individual, including birth date, admission date, discharge date, age, and date of death;

     d.   telephone numbers;

e.  fax numbers;

f.  electronic mail addresses;

g.  social security numbers;

h.  medical record numbers;

i.  health plan beneficiary numbers;

j.  account numbers;

k.  certificate/license numbers;

l.  vehicle identifiers and serial numbers, including license plate numbers;

m.  device identifiers and serial numbers;

n.  web universal resource locators ("URLs");

o.  internet protocol ("IP") address numbers;

p.  biometric identifiers, including finger and voice prints;

q.  full face photographic images and any comparable images; and/or

r.  any other unique identifying number, characteristic, or code.

All PHI disclosed under this Order must be designated as Confidential Information under paragraph 3 below.

**Highly Confidential – Attorneys' Eyes Only Information:** The term Highly Confidential – Attorneys' Eyes Only Information means materials containing financial or commercially sensitive data—such as trade secrets, pricing proposals or projections, financial projections or modeling, profit figures, bid information, or similar categories of information—or revealing significant technical or business advantages that are so sensitive that the Designating Party believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that disclosure of such materials to persons other

than those listed in Paragraph 11 would create a substantial risk of economic injury that could not be avoided by less restrictive means.

**Designating Party:** The term "Designating Party" means a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery and marks as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

**Outside Counsel:** The term "Outside Counsel" means attorneys who are not employees of a Party but retained to represent or advise a Party in the Action and have appeared in the Action, and persons who are employees, partners, or shareholders of a law firm that has appeared on behalf of a Party in this Action.

**In-House Counsel:** The term "In-House Counsel" means attorneys who are employees of a Party.

**Producing Party:** The term "Producing Party" means any Party or Non-Party that discloses or produces any Discovery Material in this case.

**Receiving Party:** The term "Receiving Party" Means any Party who receives Discovery Material from a Producing Party.

3.      **Designation of Information.**

Any document or electronically stored information produced in discovery may be designated as Confidential Information by marking it as "CONFIDENTIAL" or "CONFIDENTIAL – CONTAINS PHI" or otherwise identifying the information as Confidential Information at the time of production. The Parties may also designate certain information as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," subject to Paragraph 4. Such designation will be made at the time that copies are furnished to a Party conducting discovery, or when such documents are otherwise disclosed.

The Parties may designate information disclosed at a deposition as Confidential Information by indicating on the record at the deposition that a specific portion of testimony is so designated and subject to the terms of this Order or, alternatively, by any Party within 30 days of receipt of the deposition transcript. No person will attend a portion of a deposition that has been designated on the record as Confidential Information, or that discusses or utilizes documents or information previously designated as Confidential Information, unless such person is qualified by this Order to have access to such information.  The court reporter will stamp the portions of deposition testimony designated as containing Confidential Information as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," "CONFIDENTIAL – CONTAINS PHI – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER," and access will be limited as provided by this Order. Furthermore, Confidential Information will not lose its character because it is designated as an exhibit to a deposition (if any), regardless of whether the deposition or deposition transcript itself is later designated, in whole or part, as "Confidential Information." To allow for possible designations of testimony, the Parties and court reporter will treat all testimony as Highly

Confidential – Attorneys' Eyes Only for 30 days from the date of transmission of the deposition transcript.

4.     **Limitations on Designation of Confidential Information as Attorneys' Eyes Only.**

Nothing will be designated as Attorneys' Eyes Only except materials containing financial or commercially sensitive data—such as trade secrets, pricing proposals or projections, financial projections or modeling, profit figures, bid information, or similar categories of information—or revealing significant technical or business advantages that are so sensitive that the Designating Party believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that disclosure of such materials to persons other than those listed in Paragraph 11 would create a substantial risk of economic injury that could not be avoided by less restrictive means.

5.     **Specific Provisions Concerning Disclosure of PHI.**

Upon receipt of any PHI disclosed between the Parties during this Action, the Receiving Party will take all measures necessary for protecting the PHI from unauthorized disclosure as required under both state and federal law including, but not limited to, 45 C.F.R. § 164.500, et seq., and any other relevant state or federal law.

6.     **Redactions**

A Producing Party may redact PHI that is not relevant to the claims or defenses in this Action, such as PHI associated with patients that are insured through a plan other than the UnitedHealthcare Nursing Home Plan. In the event such redactions are made, the Producing Party shall use text-box redactions that read "Redacted for Non-Relevant PHI." PHI should be produced and designated as "CONFIDENTIAL – CONTAINS PHI," unless the information

contains or is designated as Attorney's Eyes Only information, in which case the "CONFIDENTIAL – ATTORNEY'S EYES ONLY" designation should be used.

A Producing Party may also redact information that it claims to be protected by the attorney-client privilege, the work product doctrine or any other applicable privileges or immunities, with such redactions to be recorded on a privilege log.

If the Receiving Party disputes the appropriateness of any redactions, the Parties will confer in good faith. If the Parties cannot resolve the dispute, the dispute will be resolved in accordance with the Court's operative procedures for resolving discovery disputes.

### 7.    The Parties' Right to Use Confidential Information.

Nothing in this Order will be construed to limit in any way the right of a Party or its affiliates to use any Confidential Information that it produced (to the other Party) for any purpose that state and federal law would otherwise permit.

Nothing in this Order precludes a Party from offering into evidence at any hearing or trial documents or information designated as Confidential Information, subject to the rules of evidence and any other Party's objections as to the admissibility or claims of confidentiality of the document or information. The Court may take such measures as it deems appropriate to protect the claimed confidential nature of the document or information sought to be admitted and to protect the Confidential Information from disclosure to persons other than those identified in paragraph 11 and who have signed Exhibit A, where necessary, under this Order.

### 8.    Use of Confidential Information in Court Actions.

Any Party seeking to disclose material designated as "CONFIDENTIAL," "CONFIDENTIAL – CONTAINS PHI," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in any document or brief filed with the Court will provide notice to the Producing Party of the proposed disclosure at least three business days before filing. The Producing Party

will have until 3:00 pm ET on the day of filing to consent to the request to file the Confidential or Highly Confidential Information in the public record or to file a motion to seal to prevent or protect its disclosure. If the Producing Party files a motion to seal, the filing party must file the Confidential, Confidential – Contains PHI, or Highly Confidential – Attorneys' Eyes Only material under seal or with redactions, as appropriate, until the Court rules on the motion to seal.

**9.    Restrictions on Disclosure.**

All Confidential Information (including PHI) produced or disclosed by the Parties in this Action, *other than* Confidential Information designated as Highly Confidential – Attorneys' Eyes Only, will be subject to the following restrictions:

a.    such documents, information, and things will be used only for the purpose of this specific Action and not for any other purpose whatsoever;

b.    such documents, information, and things will not be shown or communicated in any way inconsistent with this Order or to anyone other than Qualified Persons as defined in paragraph 11, and Qualified Persons receiving Confidential Information will not make further disclosure to anyone except as allowed by this Order; and

c.    no one except Qualified Persons identified in paragraph 11 will be provided copies of any Confidential Information, and such Qualified Persons will hold such information received from the disclosing Party in confidence, will use the information only for purposes of this Action, and for no other action, and will not use it for any business or other commercial purpose, and will not disclose it to any person, except as hereinafter provided.

**10.    Additional Restrictions on Disclosure of Confidential Information Designated as Highly Confidential – Attorneys' Eyes Only.**

Except as described in paragraph 16, all Confidential Information designated as Highly Confidential – Attorneys' Eyes Only produced or disclosed by the Parties will be subject to the following restrictions:

a. such documents, information and things will be used only for the purpose of this Action and not for any other purpose whatsoever;

b. such documents, information and things will not be shown or communicated in any way inconsistent with this Order or to anyone other than Qualified Persons identified in paragraphs 11(a), 11(c), 11(d), 11(e), 11(h), and 11(n) below, and Qualified Persons receiving Highly Confidential – Attorneys' Eyes Only Information will not make further disclosure to anyone except as allowed by this Order; and

c. such documents, information and things will be maintained only at the offices of such Qualified Persons identified in paragraphs 11(a), 11(b), 11(c), 11(d), and 11(e) and only working copies will be made of such documents.

**11.    Qualified Persons**.

"Qualified Persons" means:

a. the Court assigned to this Action, any other arbitrator or judge with jurisdiction over this Action or any appeal thereof, including any authorized personnel of such persons, and any mediator selected or agreed-upon by the Parties or assigned in connection with this Action;

b. the named Parties to this action and their authorized representatives;

c. Outside Counsel for the Parties and employees of such counsel (including individuals employed at the law firms of the Parties' respective counsel);

d. In-House Counsel and legal staff (*e.g.*, paralegals and legal assistants);

e. third parties retained by counsel for a Party or by a Party as consulting experts or testifying expert witnesses, if any, whose access to Confidential Information counsel or the Party employing them deems necessary for the purposes of preparation, pretrial discovery and proceedings, mediation, trial, appeal, settlement, or administration of this Action;

f. any present employee of a named Party to this Action whose access to Confidential Information counsel or the Party employing them deems necessary for purposes of preparation, pretrial discovery and proceedings, mediation, trial, appeal, settlement, or administration of this Action;

g.    any past employee of a named Party to this Action whose access to Confidential Information counsel or the Party employing them deems necessary for purposes of preparation, pretrial discovery and proceedings, mediation, trial, appeal, settlement, or administration of this Action;

h.    court reporters and video and audio equipment operators at depositions, including any authorized personnel of such persons;

i.    Discovery consultants, processors and vendors, outside document copying services, document coding or computerization services, demonstrative exhibit vendors, and jury consultants;

j.    witnesses who are appearing for deposition or other testimony in this Action, voluntarily or pursuant to a validly issued subpoena, and potential witnesses and persons with knowledge of relevant facts who are preparing for testimony or who assisted the attorneys preparing the case for further investigation and/or trial;

k.    clerical or ministerial service providers, including outside copying services or litigation support personnel, retained by a Party's counsel to assist such counsel in connection with this Action;

l.    any other person by Order of the Court after notice to all Parties and opportunity to be heard, or as agreed between the Parties, except that PHI will only be disclosed in accordance with this Order or further Order of the Court;

m.    witnesses who are appearing for deposition or other testimony in this Action and who authored or received the Confidential Information in question independent of this Action; or

n.    The United States Department of Justice.

**12.    Acknowledgment.**

Before receiving any Confidential Information designated by another Party, any Qualified Person identified in paragraph 11 (other than the individuals identified in sub-paragraphs 11(a), 11(b), 11(e), and 11(g)) to whom the Producing Party's Confidential Information is shown or to whom information contained in such materials is to be revealed will first be required to agree in writing to be bound by the terms of this Order, in the form attached as Exhibit A to this Order. Counsel employing such persons or making such disclosure to such

persons will retain a copy of that signed, written agreement for each person. As to each Qualified Person to whom any Confidential Information is revealed or shown pursuant to this Order, such information may be used only for purposes of this Action and may not be used for any other purpose.

13.    **Inadvertent Production or Failure to Designate Confidential Information.**

In the event that a Party inadvertently produces Confidential Information, without the required "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend, the Producing Party will contact the Receiving Party as promptly as reasonably possible after the discovery of the inadvertent production, inform the Receiving Party in writing of the inadvertent production, and identify the specific material at issue. Such inadvertent or unintentional disclosure will not be deemed a waiver in whole or in part of the Producing Party's claim of confidentiality, either as to specific documents and information disclosed or on the same or related subject matter.

Upon receipt of such notice, the Receiving Party will treat the material identified in the notice as Confidential Information under this Order, subject to the provisions regarding challenges, if any, to its confidential nature under paragraph 15. Following such notice of an inadvertent production, the Producing Party may also replace any documents that were inadvertently or unintentionally produced without the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation with documents containing such designation. Upon such a request for substitution of the inadvertently produced documents, the Receiving Party must return the unmarked documents to the Producing Party within seven days.

14.    **Inadvertent Disclosure.**

In the event of an inadvertent disclosure of another Party's Confidential Information to a non-Qualified Person, the Party making the inadvertent disclosure will promptly upon learning

of the disclosure: (i) notify the person to whom the disclosure was made that the disclosure contains Confidential Information subject to this Order; (ii) make all reasonable efforts to preclude dissemination or use of the Confidential Information by the person to whom disclosure was inadvertently made including by, among other things, obtaining all copies of such materials from the non-Qualified Person; and (iii) notify the Producing Party of the identity of the person to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to ensure against the dissemination or use of the Confidential Information.

**15.    Burden of Proof and Challenges to Confidential Information.**

The Party designating information, documents, materials or items as Confidential or Highly Confidential – Attorneys' Eyes Only bears the burden of establishing the basis for the designation. Nothing in this Order will constitute a waiver of any Party's right to object to the designation or non-designation of a particular document as Confidential or Highly Confidential - Attorneys' Eyes Only. If a Party contends that any document has been erroneously or improperly designated or not designated Confidential or Highly Confidential – Attorneys' Eyes Only, the document at issue will be treated as Confidential or Highly Confidential – Attorneys' Eyes Only under this Order until (a) the Parties reach a written agreement; or (b) the Court issues an order ruling on the designation. If a Party disagrees with another Party's designation of any document or information as Confidential or Highly Confidential – Attorneys' Eyes Only or disagrees with another Party's failure to designate a document or information as Confidential or Highly Confidential – Attorneys' Eyes Only, the objecting Party will advise counsel for the Designating Party, in writing, of the objection and identify the document or item by bates range, or page and line designations, as applicable. Within 14 days of receiving the objection, the Designating Party will advise whether the Designating Party will change the designation of the document or information. If the disagreement cannot be resolved between the Parties, then the dispute may be

presented to the Court by motion. Notwithstanding any challenge to a designation, the protected material in question will continue to be treated as designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under this Order until one of the following occurs: (a) the Designating Party withdraws such designation in writing, (b) the Receiving party withdraws its challenge in writing, or (c) the Court rules that the material in question is not entitled to the designation.

16. **Confidentiality of Party's Own Documents.**

Nothing in this Order affects the right of the Designating Party to disclose to its officers, directors, employees, attorneys, consultants, or experts, or to any other person, its own Confidential Information. Such disclosure will not waive the protections of this Order and will not entitle other Parties or their attorneys to disclose such Confidential Information in violation of it, unless by the Designating Party's disclosure the Confidential Information becomes public knowledge. Similarly, this Order will not preclude a Party from showing its own Confidential Information, including its own Confidential Information that is filed under seal by a Party, to its officers, directors, employees, attorneys, consultants or experts, or to any other person.

17. **Compulsory Disclosure to Third Parties.**

If any Receiving Party is subpoenaed in another action or proceeding or served with a document or testimony demand or a court order, and such subpoena or demand or court order seeks Confidential Information (including PHI) of a Producing Party, unless prohibited from doing so by law or court directive, the Receiving Party will give prompt written notice to counsel for the Producing Party and allow the Producing Party an opportunity to oppose such subpoena or demand or court order before the deadline for complying with the subpoena or demand or court order. No compulsory disclosure to third parties of information or material exchanged

under this Order will be deemed a waiver of any claim of confidentiality, except as expressly found by a court or judicial authority of competent jurisdiction.

**18.    Conclusion of the Action.**

Within 60 days of the conclusion of this Action, whether by judgment, award, settlement, or otherwise, counsel of record and each Party, person, and entity who obtained Confidential Information, or information claimed to be confidential, will assemble and return to the Producing Party all materials that reveal or tend to reveal information designated as Confidential Information, except all such materials constituting work product of counsel. In the alternative, all such materials may be destroyed or permanently deleted, with written certification of destruction or deletion provided to the Producing Party within 60 days after the conclusion of this Action, except that a Party may retain Confidential Information generated by it. No originals or copies of any Confidential Information will be retained by any person or entity to whom disclosure was made. However, counsel of record and in-house counsel for the Parties are permitted to retain copies of all pleadings, motions, depositions, hearing and trial transcripts (and exhibits thereto), exhibits, and attorney work product that contain Confidential Information (other than PHI) consistent with his or her ordinary file management and/or document retention policies and/or those of his or her firm.

**19.    No Waiver or Modification**.

Nothing in this Order waives or modifies past, present, or future duties as to confidentiality, if any, which have arisen or may arise independently by contract or otherwise.

**20.    Non-Waiver of Privilege**.

The production of documents and information will not constitute a waiver in this Action, or any other litigation, arbitration, proceeding, or matter, of any privilege (including, without limitation, the attorney-client privilege and the attorney work product privilege) applicable to the

produced materials or for any other privileged or immune materials containing the same or similar subject matter. This Order encompasses an Order under Federal Rule of Evidence 502(d) that any privilege that may have been raised in documents produced in this Action is not waived as a result of disclosure of those documents in connection with this Action. The fact of production of privileged information or documents by any Producing Party in this Action will not be used as a basis for arguing that a claim of privilege or work product has been waived in any other proceeding. Without limiting the foregoing, this Order will not affect the Parties' legal rights to assert privilege claims over documents in any other proceeding.

21.    **Non-Parties.**

Any non-Party who produces documents or other information in response to discovery requests or subpoenas in this Action will be entitled to the benefits and protections of this Order if the Non-Party so requests.

The Parties agree that they will treat Confidential Information produced by non-Parties according to the terms of this Order. In the event a Non-Party does not produce documents under the provisions of this Order, a Party may review, and re-designate materials produced by the Non-Party consistent with the provisions of this Order. This authorization to re-designate, however, shall only apply to documents and information that originates from, or relates to, the Party who is redesignating.

22.    **Jurisdiction to Enforce Protective Order.**

The Parties and non-Parties reserve all rights to apply to an appropriate court for an order: (1) enforcing this Order (including by sanctions as authorized by statute, rule, and the inherent power of the Court); (2) modifying this Order; or (3) seeking other or additional protection against discovery or use of Confidential Information.

Without waiver of any other legal or equitable remedies that may exist, the Court has continuing jurisdiction to enforce the terms of this Order following conclusion of this Action.

**23.    Future Orders.**

Nothing in this Order prohibits the Parties from seeking future orders of the Court regarding the production or protection of Confidential Information or other materials in the future.

**24.    Binding Effect.**

This Order is binding upon the Parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

**25.    Ongoing Obligations.**

Insofar as the provisions of this Order restrict the disclosure and use of the information protected by it, such provisions will continue to be binding after the conclusion of this Action.

ADDED BY THE COURT: The Court finds that good cause exists for the entry of this order with the following condition. Notwithstanding anything to the contrary in the foregoing order, the Court finds that it shall not apply to exclude evidence from public disclosure when that evidence is relied upon in support of or opposition to any motion or relevant in any hearing or trial.

If a party seeks to rely upon any evidence covered by this protective order in support of or in opposition to any motion or during any hearing or trial, that party shall notify the opposing party at least 14 days prior to filing the motion and/or 14 days prior to the hearing or trial. The party opposing public disclosure shall have 7 days to file a motion to require the materials to be

filed restricted to case participants.  The motion shall: (1) briefly state a compelling reason in support of the request to file the information restricted to case participants; (2) certify that the party has conferred with opposing counsel; (3) identify the number of documents that the party anticipates will need to be filed restricted to case participants; and (4) describe the information that will be redacted.

The Court will closely scrutinize any such requests at that time, with the presumption that any evidence shall be part of the public record.  Accordingly, when materials are to be used in the foregoing manner, a party will not be allowed to file the materials restricted to case participants simply because they are covered by this discovery protective order.  If it becomes necessary to reference designated-confidential materials in an order, the Court will reassess whether the materials shall remain confidential.

If the Court grants the motion to file the materials restricted to case participants, the party relying on the evidence covered by this protective order shall do the following:

First, the party will file the redacted documents on the public docket.  For example, if a party is relying on protected information in support of a motion for summary judgment, the party will file the memorandum in support of the motion and *all* exhibits *in one docket entry* with redactions where appropriate.  It is not appropriate to redact an entire document or file a "placeholder" (i.e., a document that simply directs a reader to a restricted document).  It is not appropriate to have separate docket entries for motions and exhibits.

Second, the party will file a "copy" or "mirror image" of the entire first filing without redactions as restricted to case participants.  For example, if a party is relying on protected information in support of a motion for summary judgment, the party will re-file the memorandum in support of the motion and re-file *all* exhibits (even exhibits that were not

redacted) *in one docket entry* without redactions.  It is not appropriate to have separate docket entries for motions and exhibits. **The exhibit numbers and CM/ECF page numbers of the second filing should match the exhibit numbers and CM/ECF page numbers of the first filing.**  The party should identify the redacted information using a red box.  The party must complete this second filing the same day as the first filing.

If the response (and reply) to a motion filed restricted to case participants also refers to protected information, the party will file the response (and reply) as follows:

First, the party will file their response and any exhibits *in one docket entry* and *with redactions* on the public docket.  It is not appropriate to redact an entire document or file a placeholder.  It is not appropriate to have separate docket entries for responses and exhibits.

Second, the party will file their response and any exhibits *in one docket entry* and *without redactions* as restricted to case participants.  It is not appropriate to have separate docket entries for motions and exhibits. **The exhibit numbers and CM/ECF page numbers of the second filing should match the exhibit numbers and CM/ECF page numbers of the first filing.**  The party should identify the redacted information using a red box.  The party must complete this second filing the same day as the first filing.

To file documents restricted to case participants, the party will select "restricted document – pursuant to protective order ONLY" under Other Documents in CM/ECF.  The party will follow all of the prompts, including attaching the requested documents.  The party will link the restricted filing to the public filing.  Before submitting the entry, please review the text box to ensure the name description and document links are correct.  If the party has questions regarding filing these restricted documents, the party will contact Kim Tavalero, Courtroom Deputy, at 478.752.0717 or kim_tavalero@gamd.uscourts.gov.

**SO ORDERED**, this 15th day of August, 2025.

S/ Marc T. Treadwell
_____
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT